IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-31194

Summary Calendar

_____


In Re: In the Matter of: INGRAM BARGE COMPANY, As owner of the M/V
F R Bigelow and The IB-960; INGRAM OHIO BARGE COMPANY, As owner Pro
Hac Vice of the ING-371 for exoneration from or limitation of
liability

INGRAM BARGE COMPANY, As owner of the M/V F R Bigelow and the IB-
960; INGRAM OHIO BARGE COMPANY, As owner Pro Hac Vice of the ING-
371

                                                    Appellants

                              versus

CLAIMANTS' STEERING COMMITTEE

                                                    Appellee


_____

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 97-226-A

_____

December 30, 1998


Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

    [*]Local rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

This petition stems from a March 17, 1997, maritime accident that resulted in the release of aromatic hydrocarbons and the evacuation of portions of downtown Baton Rouge. The INGRAM Barge Company and INGRAM Ohio Barge Company filed a petition for exoneration or limitation of liability pursuant to the Limitation of Liability Act, and the district court issued a stay. Plaintiffs subsequently instituted, in state and federal courts, class actions and other suits against Don Carlton, the pilot at the time of the accident, and other members of the crew. The district court subsequently refused to extend the stay to these suits, and this is an appeal of that decision.

This appeal is squarely foreclosed by Zapata Haynie Corp. v. Arthur, 926 F.2d 484 (5th Cir. 1991). In Zapata, we held that the benefits of the Limitation of Liability Act "are, by their plain terms, conferred on ship owners only." Id. at 485. We thus refused to extend a stay to a suit against a master. The appellants complain that Zapata was inconsistent with Guillot v. Cenac Towing Co., 366 F.2d 898 (5th Cir. 1966). The Zapata court, however, distinguished Guillot by noting that Zapata involved a suit against a master, and that masters were specifically mentioned in the Act. See 926 F.2d at 486-87. "[S]eamen" are mentioned in the act too, 46 U.S.C. App. § 187, and we are not free to revisit the issue of whether the Zapata made the correct decision in distinguishing Guillot.

Alternatively, appellants would have us distinguish Zapata, but we decline to do so. That there are over 19,000 plaintiffs here

2

is irrelevant to the Limitation of Liability Act; if anything, it would seem to make the policy case for limitation less tenable. And the potential for interference with the objectives of a limitation action, namely the danger that the first lawsuit might have preclusive effect, seems no greater here than in Zapata. Regardless of whether Zapata was wise, it controls, and we are not prepared to distinguish it away arbitrarily.

AFFIRMED.